Filed 7/8/24  P. v. Suttonwilson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DEVIN DESHAWN SUTTONWILSON,<br><br>    Defendant and Appellant. | C099594<br><br>(Super. Ct. Nos.<br>CRF17000525402,<br>17F5254) |

Appointed counsel for defendant Devin Deshawn Suttonwilson filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

## I.  BACKGROUND

On September 20, 2017, Cody went to a truck stop to buy marijuana from Isaiah Williams.  Williams, who was with defendant, pulled out a gun and demanded all of Cody's money.  Defendant punched Cody, breaking his nose.  Later that night, defendant,

1

Williams, and Brooklyn Hill were hanging out at the home of Josh and Coleman. Coleman discovered defendant in his bedroom rummaging through his drawers and flipping over the bed. Williams came in pointing a gun and hit Coleman three times on the back of the head. Williams tied Coleman's hands with a cable and his feet with a belt, and directed Coleman to Josh's room where Josh was sitting in a chair, injured. Williams said, " 'You know who I am; so I have to get the pillow.' " Coleman believed this meant Williams was going to put a pillow over Coleman's and Josh's heads and shoot them. Coleman freed himself and escaped after a struggle. Investigators later found Josh's body in the house. He died from a gunshot wound.

The People charged defendant with murder (Pen. Code,[1] § 187, subd. (a)), attempted murder (§§ 187, subd. (a), 664), two counts of residential robbery (§ 211), two counts of residential burglary (§ 459), kidnapping for robbery (§ 209, subd. (b)), second degree robbery (§ 211), assault with a semiautomatic firearm (§ 245, subd. (b)), and possession of a firearm by a felon (§ 29800, subd. (a)). The People alleged firearm enhancements (§§ 12022.5, subd. (a), 12022.53, subd. (b), 12022, subd. (a)(1)), several special circumstances (§ 190.2, subds. (a)(15), (a)(17)), and prior felony convictions. The trial court denied defendant's first *Marsden* motion in September 2019 but granted defendant's second *Marsden* motion in June 2020.[2] The court denied defendant's section 995 motion to set aside the information.

Defendant ultimately pled no contest to first degree murder, kidnapping for robbery, and second degree robbery and stipulated to the existence of aggravating circumstances. The trial court sentenced defendant to 25 years to life for murder, seven

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

years to life for kidnapping for robbery, and five years (the upper term) for second degree robbery.

Defendant timely appealed. The trial court denied defendant's request for a certificate of probable cause.

## II. DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable errors favorable to defendant. Accordingly, we will affirm the judgment.

## III. DISPOSITION

The judgment is affirmed.

/S/
_____
RENNER, Acting P. J.

We concur:

/S/
_____
KRAUSE, J.

/S/
_____
MESIWALA, J.

3